UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GERSHON BARKANY,<br><br>        Debtor. | Case No. 8-14-72941-las<br><br>Chapter 7 |
| Cortland Realty Investments LLC, Jordan Most, Marshal Eisenberg, Debra Eisenberg Wilder, Seth Farbman, Gerald Pinsky, Janet Pinsky, Botnick Family Children's Trust, Mordechai Hellman, Moshe Schreiber, Leah Schreiber, Central Strategies, LLC, MLS Resources, LLC, Shalom Maidenbaum, Rachell Gober, The Boss's Daughter, LLC, Chaim Silberberg and Mr. San, LLC,<br><br>        Plaintiffs<br><br>versus:<br><br>Gershon Barkany<br><br>        Defendant. | Adversary Proceeding No. _____ |

COMPLAINT
(I) OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO
11 U.S.C. §§ 523(a)(2), (a)(4), AND (a)(6); AND
(II) OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C.
§§ 727(a)(3), (a)(5), (a)(6) AND (a)(11)

CORTLAND REALTY INVESTMENTS LLC, JORDAN MOST, MARSHAL

EISENBERG, DEBRA EISENBERG WILDER, SETH FARBMAN, GERALD PINSKY,

JANET PINSKY, BOTNICK FAMILY CHILDREN'S TRUST, MORDECHAI HELLMAN,

MOSHE SCHREIBER, LEAH SCHREIBER, CENTRAL STRATEGIES, LLC, MLS

RESOURCES, LLC, SHALOM MAIDENBAUM, RACHELL GOBER, THE BOSS'S DAUGHTER, LLC, CHAIM SILBERBERG AND MR. SAN, LLC (collectively, "Plaintiffs"), through counsel Locke Lord LLP, file this Complaint (I) Objecting to Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6) and (II) Objecting to Discharge Pursuant to 11 U.S.C. §§ 727(a)(3), (a)(5), (a)(6) and (a)(11) (the "Complaint"), stating as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I) and § 1334. This adversary proceeding relates to the above-styled bankruptcy case now pending in this Court.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

3. The statutory predicate for the relief requested herein is § 523 of title 11 of the United States Code. This matter is properly brought as an adversary proceeding under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

## PARTIES

4. Defendant Gershon Barkany ("Barkany") is the Debtor in the above-styled bankruptcy case commenced on June 25, 2014 (the "Petition Date"). Barkany may be served with process at 1 Andover Lane, Woodmere, New York 11598.

5. Plaintiffs are creditors of Barkany. Some of Plaintiffs have filed proofs of claim in the record of the above-styled bankruptcy case. Those proofs of claim has been assigned numbers 12 through 19. Plaintiffs reserve all rights file additional proofs of claim and to amend any proofs of claim.

## FACTS

6. Barkany was the mastermind, architect and main perpetrator of a Ponzi scheme which was designed to permanently separate victims from their money. Barkany admitted to his scheme in an affidavit of confession (the "Affidavit of Confession") sworn on August 1, 2011 in which he described the means he employed to defraud victims of tens of millions of dollars. A copy of the Affidavit of Confession is annexed hereto as Exhibit "A."

7. On March 25, 2013, a judgment was entered (the "Judgment") in the Supreme Court, County of Queens, Index No. 5619/2013, in favor of the judgment creditors identified therein and against Barkany and legal entities established by, owned by and/or controlled by him in the sum of $66,609,424.74. A copy of the Judgment is annexed hereto as Exhibit "B." On or about August 14, 2013, the judgment creditors identified in the Judgment assigned the Judgment to Barkany Asset Recovery and Management LLC. After allowing for recoveries obtained prior to the Petition Date, as of the Petition Date the sum of $51,221,629.10 remained due on the Judgment. Plaintiffs have an interest in the Judgment and any recoveries made thereunder.

8. On March 27, 2013, Barkany was arrested by agents from the Federal Bureau of Investigation. On June 25, 2013 he was charged with one criminal count of wire fraud, with allegations that closely track Barkany's statements in the Affidavit of Confession. A copy of the Information (the "Information") filed against Barkany on June 25, 2013 is annexed hereto as Exhibit "C" and its allegations are incorporated. On June 26, 2013, Barkany pleaded guilty in the United States District Court for the Eastern District of New York to wire fraud in connection with his Ponzi scheme. *See* the minute entry and order annexed hereto as Exhibits "D" and "E." In connection with the tender of his guilty plea, Barkany admitted to the fraud described in the Affidavit of Confession and the Information. Barkany is awaiting sentencing.

9. Barkany utilized a variety of means in this fraud, including the solicitation of real estate and loan transactions which, unbeknownst to the victims, were not remotely as represented or were altogether non-existent.

10. Some of the transactions involved loans by various of the victims directly to Barkany or to entities established by, owned by and/or controlled by him. Barkany also solicited investors to participate in various real estate transactions involving commercial or residential properties.

11. The loans and real estate transactions were pure shams, fabricated to serve as a vehicle to separate his victims from their money. Often, Barkany took documents from legitimate transactions, doctored them by changing the names, properties and other information and presented them to victims for use in a totally fictitious transaction. On other occasions, Barkany would find documents or obtain them from law firms under false pretenses and use them to create illusions of real, legitimate transactions.

12. In an effort to conceal the fraud, Barkany resorted to reporting false, making some payments to victims and trying to get his victims to roll over the payments into new transactions. In reality, their money had been stolen outright.

13. In a typical transaction, the unaware victim agreed to make a loan to, or a deposit for the benefit of, Barkany, a designated Barkany Entity, or a "borrower" designated by Barkany for a specified period of time. In connection with these transactions, the unaware victims would pay Barkany or one of his entities directly or at Barkany's direction would make wire transfers to attorney escrow accounts maintained by law firms Barkany used for many of his transactions, both real and sham. At the end of the "investment" or "loan" term, Barkany or the Barkany

Entity was to return the principal, accrued interest, and any additional amounts depending upon the terms agreed upon.

14. From time to time Barkany would have checks issued to his victims as full or partial distribution of principal, interest and/or other amounts. Barkany's victims would, in turn, often redeposit or roll over these amounts for Barkany's benefit based on Barkany's false reports of successful results. Barkany then used these funds and new monies to make payments to other victims, thus encouraging them to remain in Barkany's fold. And from the money his victims provided to him, Barkany paid millions of dollars to himself and to other persons, made millions of dollars of "donations" to charities and lost millions of dollars gambling at casinos, all to perpetuate his image as a highly successful deal-maker.

15. For a time, Barkany was able to keep the fraud going by using funds accrued from new "investments" and "loans" to make interest and other payments on pre-existing transactions. However, in late 2010, Barkany was caught in one too many lies and was no longer able to meet his obligations to cover pre-existing transactions. As the depletion of liquid assets accelerated, Barkany's fraudulent Ponzi scheme collapsed.

**FIRST CLAIM FOR RELIEF**
**NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. As set forth above, Barkany is indebted to Plaintiffs. The debts owed by Barkany to Plaintiffs constitute debts for obtaining property by false pretenses, false representations and/or actual fraud. 11 U.S.C. § 523(a)(2).

18. As Barkany has confessed, he "repeatedly engaged in fraudulent and unauthorized practices and conveyances" which included "the solicitation of funds for real estate and loan transactions which, unbeknownst to [the judgment creditors], were not as represented or

altogether non-existent." Affidavit of Confession, § 5(A). "The loans and transactions were generally shams, fabricated by [Barkany] to serve as a vehicle to separate [the judgment creditors] from their money." Affidavit of Confession, § 5(C). He "would resort to reporting fictitious or falsely inflated returns, making some payments and, on certain occasions, trying to get the creditors to roll over payments into new transactions," when "[i]n reality their money had been used to pay off other creditors or was otherwise misappropriated by [Barkany]." Affidavit of Confession, § 5(D). Barkany made similar confessions in connection with his tender of his guilty plea.

19. The fraudulent scheme described herein was a "deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another — something said, done or omitted with the design of perpetrating what is known to be a cheat or deception." *Recoveredge L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995) (quoted in 4-523 Collier on Bankruptcy P 523.08[1][e] (16th ed. 2015). Barkany's victims, including Plaintiffs, relied on his representations to their detriment. His fraudulent scheme was the proximate cause of the debts he owe to Plaintiffs. His debts to Plaintiffs are excepted from discharge pursuant to 11 U.S.C. § 523(a)(2).

## SECOND CLAIM FOR RELIEF
## NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)

20. Paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21. 11 U.S.C. § 523(a)(4) excepts from discharge any debt arising as a result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

22. With regard to his victims, including Plaintiffs, Barkany frequently acted in a fiduciary capacity, promising to keep the funds provided by them in escrow until the promised transaction was closed. Additionally, Barkany embezzled his victims' funds, including

Plaintiffs' funds. Thus, his debts to Plaintiffs are excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

### THIRD CLAIM FOR RELIEF
### NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

23. Paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24. 11 U.S.C. § 523(a)(6) excepts from discharge any debt arising as a result of "willful and malicious injury by the debtor to another entity or to the property of another entity."

25. Barkany, through the actions detailed hereinabove, purposefully, intentionally, willfully and maliciously harmed his victims, including Plaintiffs, knowing and intending damage to them. His debts to Plaintiffs arise as a result of such willful and malicious injury and are excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

### FOURTH CLAIM FOR RELIEF
### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27. Pursuant to 11 U.S.C. § 727(a)(3), the Court shall not grant the debtor a discharge where "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

28. Barkany has acknowledged that during 2011 and 2012 he kept records of his financial transactions on one or more computers that were in his custody, possession and control and that such computers are no longer in his custody, possession and control. He has offered no explanation for the loss of his computers. Thus, he has failed without justification to keep or

preserve recorded information from which his financial condition or business transactions might be ascertained and should not be granted a discharge.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(5)

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. Pursuant to 11 U.S.C. § 727(a)(5), the Court shall not grant the debtor a discharge where "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

31. Although Barkany executed the Affidavit of Confession, pleaded guilty to criminal charges brought against him, delivered certain incomplete financial records and conveyed certain assets to or for the benefit of his victims, tens of millions of dollars remain missing. Barkany has failed to account fully for the money he stole from his victims as well as the money he is alleged to have stolen in a subsequent scheme which is also included within the scope of his guilty plea and he has failed to account for all assets he may have acquired with the stolen money. Thus, he should not be granted a discharge.

### SIXTH CLAIM FOR RELIEF
### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(6)

32. Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

33. Pursuant to 11 U.S.C. § 727(a)(6), the Court shall not grant the debtor a discharge where "the debtor has refused, in the case – (a) to obey any lawful order of the court, other than an order to respond to a material question or to testify."

34. On February 4, 2015, the Clerk of the Bankruptcy Court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, setting a meeting of creditors for March 11, 2015. (ECF No. 127.) The notice provides that the debtor must be present at the

meeting to be questioned under oath by the trustee and by creditors and that the meeting may be continued and concluded at a later date specified in a notice filed with the court. The record indicates that the notice was sent by first class mail to Barkany at his residence and by email to his counsel. (ECF No. 136.)

35. On March 11, 2015, the meeting of creditors was commenced. Before any examination of the debtor or any other business of the meeting of creditors was conducted, the Assistant U.S. Trustee adjourned the meeting of creditors to April 22, 2015, and a notice of the adjournment was subsequently filed and served. (ECF No. 155.)

36. The meeting of creditors continued on April 22, 2015. Barkany did not appear at the meeting, although his counsel was present.

37. Barkany had notice of but failed without justification to appear and be examined at the § 341(a) meeting of creditors held on April 22, 2015. A debtor's failure to attend a § 341(a) meeting without justification amounts to a failure to abide by an order of the court. (*See In re Pappalardo*, 109 B.R. 622, 625 (Bankr. S.D.N.Y. 1990).) Thus, Barkany should not be granted a discharge.

## SEVENTH CLAIM FOR RELIEF
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(11)

38. Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

39. Pursuant to 11 U.S.C. § 727(a)(11), the Court shall not grant the debtor a discharge where "the debtor failed to complete an instructional course concerning personal financial management described in section 111."

40. There is no Official Form 23 – Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management executed by Barkany, nor any other document executed by Barkany containing the certification in Official

Form 23, in the record of the above-styled bankruptcy case. On information and belief, Barkany has not completed an instructional course concerning personal financial management. Thus, he should not be granted a discharge.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that, after due proceedings are had, the Court enter judgment: (i) Declaring that the debts of Barkany to Plaintiff described herein are non-dischargeable in all respects; (ii) declaring that Barkany is denied discharge; (iii) granting such other and further relief to which Plaintiffs may be entitled in law or equity; and (iv) awarding Plaintiffs all costs of this proceeding.

Dated: May 8, 2015
     New York, New York

Respectfully Submitted,

   */s/ Alan H. Katz*
Shalom Jacob
Allen C. Wasserman
Alan H. Katz
LOCKE LORD LLP
3 World Financial Center
New York, New York 10281-2101
Phone: (212) 415-8600
Fax: (212) 303-2754

Counsel to Plaintiffs

NY 788648v.5