# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
**CREDITORS:** CORTLAND REALTY
INVESTMENTS LLC, JORDAN MOST, SETH
FARBMAN, GERALD PINSKY, MORDECHAI
HELLMAN, MOSHE SCHREIBER, SHALOM
MAIDENBAUM, CHARLES SILBERBERG, DEKEL
LLC,

            Plaintiffs,

against

**DEBTORS:** GERSHON BARKANY, THE PRATT
PARK GROUP, PRATT KARE LLC, PRATT KARE
INC., PRATT FORECLOSURE, LLC, HOWELL
BRONX LLC, PRATT ESPLANADE LLC, PRATT
LENDERS LLC, PRATT LENDERS, INC., PRATT
APPLIANCE LLC, PRATT CORTLAND LLC, PRATT
SIGNATURE, LLC, PRATT MANAGEMENT LLC,
PRATT PARK MANAGEMENT, LLC, PRATT LIFE
LLC, PRATT DR TR LLC, MINNEAPOLITAN LLC,
MORGAN 86, INC., SAMZ18 LLC,

           Defendants.
------------------------------------------------------------X

Index No. 5619/13

AFFIDAVIT OF
CONFESSION OF
JUDGMENT

STATE OF NEW YORK   )
                           ) ss.:
COUNTY OF NEW YORK  )

      GERSHON BARKANY ("Barkany" or "Deponent"), being duly sworn, deposes and says that:

    1.    Deponent is the principal of The Pratt Park Group, Pratt Kare LLC, Pratt Kare Inc., Pratt Foreclosure, LLC, Howell Bronx LLC, Pratt Esplanade LLC, Pratt Lenders LLC, Pratt Lenders, Inc., Pratt Appliance LLC, Pratt Cortland LLC, Pratt Signature, LLC, Pratt

Management LLC, Pratt Park Management, LLC, Pratt Life LLC, Pratt DR TR LLC, Minneapolitan LLC, Morgan 86, Inc., and Samz18 LLC (the "Debtor Entities").

2. Deponent makes this affidavit on behalf of himself and is duly authorized to make this affidavit on behalf of the Debtor Entities.

3. Deponent and the Debtor Entities hereby confess Judgment herein and authorize entry thereof against defendants jointly and severally in the sum of Fifty Eight Million Dollars ($58,000,000) plus such other amounts as are set forth in paragraph 5(G) below.

4. Deponent resides at 622 Jarvis Avenue, Far Rockaway, New York, 11691. Deponent, on behalf of himself and the Debtor Entities, authorizes entry in Queens County, New York.

5. This confession of judgment is for a debt justly due to the Creditors arising from the following facts:

(A) Deponent repeatedly engaged in fraudulent and unauthorized practices and conveyances which victimized the Creditors. Deponent employed a variety of means in this fraud, including the solicitation of funds for real estate and loan transactions which, unbeknownst to Plaintiffs, were not as represented or altogether non-existent.

(B) In each case, the Creditors provided funds for specific purposes and required repayment within a fixed and agreed period of time. The transactions involved loans by various Creditors directly to Deponent or the Debtor Entities. Deponent also solicited these parties to participate in various real estate transactions involving commercial or residential properties.

(C) The loans and real estate transactions were generally shams, fabricated by Deponent to serve as a vehicle to separate Creditors from their money. Often, Deponent would take the documents from legitimate transactions Deponent had been involved in, and doctor them by changing the names, properties and other information and present them to potential investors for use in a wholly or partially fictitious transaction. On other occasions, Deponent would obtain or find documents from law firms under false pretenses and use them to create the illusion of a real and legitimate "investment opportunity."

(D) While some of the earlier transactions did produce returns, when the transactions did not do so, Deponent would resort to reporting fictitious or falsely inflated returns, making some payments and, on certain occasions, trying to get the creditors to roll over payments into new transactions. In reality, their money had been used to pay off other creditors or was otherwise misappropriated by Deponent.

(E) In a typical transaction, the creditor or lender agreed to make a loan to, or a deposit for the benefit of Deponent, a designated Debtor Entity, or the borrower for a specified period of time. In connection with these transactions, creditors would pay Deponent or one of Deponent's entities directly, or were directed to make a wire transfer to an attorney escrow account at a law firm Deponent used for many of the transactions. At the end of the agreed term, Deponent or the Debtor Entity was to return to each creditor the entire principal, accrued interest, and any other outstanding amounts, depending upon the terms agreed upon with each creditor.

(F) From time to time Deponent would have checks issued to the Creditors as full or partial payment of principal, interest and/or other amounts. On certain occasions,



the Creditors would redeposit these checks for Deponent's benefit in new or other transactions based on Deponent's false reports of successful results. On other occasions, Deponent solicited new funds from the Creditors. Deponent then used these funds and additional monies from other parties to make payments, thus encouraging new "investments." Deponent also paid himself millions of dollars for generating these results.

  (G) The Creditors loaned certain funds to Deponent and/or one or more of the Debtor Entities to loan and/or advance in connection with certain transactions with third parties solely in accordance with the Creditors' instructions and Deponent's representations. Deponent and the Debtor Entities generally were represented by counsel in connection with such transactions and such transactions were entered into a legal and enforceable manner. The funds provided to Deponent and/or the Debtor Entities often were deposited in attorney escrow accounts. Deponent has advised the Creditors that a substantial portion of their funds were lost or impaired. Deponent acknowledges that he and the Debtor Entities are indebted to the Creditors in the collective amount of approximately $58,000,000.00 plus interest at the legal rate for judgments and payment and/or reimbursement of all professional fees and expenses incurred by the Creditors in connection with repayment of amounts loaned and/or advanced to Deponent and/or the Debtor Entities.

6. The amount confessed does not exceed the liability of deponent and the Barkany entities to Plaintiffs.

Sworn to before me this

1ST day of AUGUST 2011

*[signature]*

ANN T. RAFFLOER
Notary Public, State of New York
No. 24-4918523
Qualified in Kings County
Certificate Filed in New York County
Commission Expires Feb 1, 20__

*[signature]*
Gershon Barkany

For Himself and on behalf of The Pratt Park Group, Pratt Kare LLC, Pratt Kare Inc., Pratt Foreclosure, LLC, Howell Bronx LLC, Pratt Esplanade LLC, Pratt Lenders LLC, Pratt Lenders, Inc., Pratt Appliance LLC, Pratt Cortland LLC, Pratt Signature, LLC, Pratt Management LLC, Pratt park Management, LLC, Pratt Life LLC, Pratt DR TR LLC, Minneapolitan LLC, Morgan 86, Inc., and Samz18 LLC

NY 649355v.1